UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY LAWRENCE AGER,

    Plaintiff,    :

v.        Case No. 2:24-cv-1802
        Chief Judge Sarah D. Morrison
        Magistrate Judge Chelsey M. Vascura

NATIONSTAR MORTGAGE LLC
*dba* MR. COOPER, *et al.*,    :

    Defendants.

**OPINION AND ORDER**

Jeffrey Lawrence Ager filed this suit alleging that Nationstar Mortgage LLC dba Mr. Cooper and USAA Federal Savings Bank breached the parties' loan agreement and violated several civil and criminal statutes. (*See* Compl., ECF No. 2.) The matter is now before the Court for consideration of Defendants' Motion to Dismiss. (ECF No. 5.) Mr. Ager responded (ECF No. 6), and Defendants replied (ECF No. 8). Because Mr. Ager fails to state a claim, Defendants' Motion to Dismiss is **GRANTED**. Mr. Ager's other pending motions (ECF Nos. 6, 11, 13, 18, 20, 22) are **DENIED as moot**.

**I.    BACKGROUND**

For purposes of the Motion to Dismiss, all well-pleaded factual allegations in the Complaint are taken as true. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations in the Complaint and any documents integral to it.

Nearly ten years ago, Mr. Ager and USAA executed a mortgage to finance the purchase of Mr. Ager's home. (Compl., ¶¶ 11–13; *see also* ECF No. 5-1, PAGEID # 57.)¹ Mr. Ager borrowed $143,849.00 plus interest, to be paid in full no later than February 1, 2030. (ECF No. 5-1, PAGEID # 57.) The mortgage was then assigned to Mr. Cooper by USAA. (*See* ECF No. 5-2.)

In early-2024, Mr. Ager stopped paying on his mortgage. Instead, he sent "parcels" to Defendants containing a "Notice of Reconveyance, Default, Breach, Notice of Protest, Trustee, Full Reconveyance, . . . a packet documenting the fee simple absolute title on th[e] property" and "a series of orders that described how all previous blank indorsements on all negotiable instruments were converted to special indorsements due to fraud." (Compl., ¶¶ 42–54.) It is Mr. Ager's position that the contents of these parcels rendered him "the person entitled to enforce all instruments on all the above accounts" and " the holder in due course regarding all negotiable instruments an [*sic*] all the above accounts." (*Id.*, ¶¶ 61–62.)

Mr. Ager attempts to distinguish Jeffrey Lawrence Ager, "a man," from JEFFREY LAWRENCE AGER, a business entity. (*See, e.g.*, Compl., preamble, ¶¶ 2–3; *see also* ECF No. 5, PAGEID # 114) As the Court understands it, JEFFREY

---

¹ This Court can consider the mortgage when ruling on this Motion because it is referenced in the Complaint and central to Mr. Ager's claims. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (concluding that attachments to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim"), *overruled on other grounds*; *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).

LAWRENCE AGER (the entity) is alleged to be the person now entitled to enforce and hold negotiable instruments related to the mortgage.

Mr. Ager next alleges that Defendants "ignored" the parcels. (*See, e.g.*, Compl., ¶ 70.) In other words, they did not accept the parcels as payment on or reconveyance of the mortgage. Mr. Ager now claims that Defendants breached the parties' contract, breached a fiduciary duty owed to him, and violated various federal statutes. (*See* Compl., ¶¶ 64–140.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a

cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Although a *pro se* litigant such as Mr. Ager is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions. *See Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). Indeed, his "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. ANALYSIS

#### A. Allegations in the Complaint

Mr. Ager asserts eleven claims:

| | |
|---|---|
| Count I: | Breach of Contract |
| Count II: | Breach of Fiduciary Duties |
| Count III: | 12 U.S.C. § 504 (Civil Monetary Penalty – Federal Reserve Act) |
| Count IV: | 18 U.S.C § 1956 (Laundering of Monetary Instruments) |
| Count V: | 18 U.S.C. § 2314 (Transportation of Stolen Securities) |
| Count VI: | 18 U.S.C. § 1348 (Securities and Commodities Fraud) |
| Count VII: | 18 U.S.C. § 1581 (Peonage) |
| Count VIII: | 18 U.S.C. § 1583 (Enticement into Slavery) |
| Count IX: | 18 U.S.C. § 1584 (Sale into Involuntary Servitude) |
| Count X: | 18 U.S.C. § 1584 (Sale into Involuntary Servitude) |
| Count XI: | 18 U.S.C. § 1593A (Benefitting Financially from Peonage, Slavery, and Trafficking in Persons) |

Defendants argue that Mr. Ager fails to state a viable cause of action under any one of these claims.

### 1. Count I: Breach of Contract

In Count I, Mr. Ager alleges Defendants breached their contract when they failed to accept his parcels as payment. (Compl., ¶¶ 69–70.)

To state a claim for breach of contract, a plaintiff is required to plead "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d 622, 639 (S.D. Ohio 2020) (Marbley, J.) (internal quotation and citation omitted). While a plaintiff need not identify specific contractual provisions allegedly breached, his complaint must give the defendant notice of what the claim is and the grounds on which it rests. *Webb v. Chase Manhattan Mortg. Corp.*, Case No. 2:05-cv-0548, 2007 WL 709355, at *6 (S.D. Ohio Mar. 5, 2007) (Smith, J.) (further citation omitted).

Mr. Ager fails to allege that Defendants breached a contract. The Complaint alleges that Defendants "ignored" and did not "return" the "tenders" he submitted. (Compl., ECF No. 2, ¶¶ 65, 70.) But the mortgage requires that Mr. Ager will make payments towards his mortgage in U.S. currency. (ECF No. 5-1, PAGEID #59–60.) Because the "parcels" and "tenders" Mr. Ager submitted were not U.S. currency, Defendants were under no obligation to accept them as payment.

Defendants' Motion to Dismiss is **GRANTED** as to Count I.

### 2. Count II: Breach of Fiduciary Duty

In Count II, Mr. Ager alleges the Defendants have a "fiduciary duty to [his] financial success" and that they breached that duty. (Compl., ECF No. 2, ¶ 78.)

Under Ohio law, a plaintiff claiming breach of fiduciary duty must allege (1) the existence of a duty arising from a fiduciary relationship, (2) a failure to observe that duty, and (3) an injury resulting proximately from that duty. *Breen v. Grp. Mgmt. Servs.*, No. 111253, 2022 WL 3096546, at *3 (Ohio Ct. App. Aug. 4, 2022); *see also K & D Farms, Ltd. v. Enervest Operating, LLC*, No. 2015CA00038, 2015 WL 6507785, at *7 (Ohio Ct. App. Oct. 26, 2015).

Mr. Ager fails to allege that Defendants owed him a fiduciary duty. Financial institutions do not ordinarily owe a fiduciary duty to borrowers. *See Groob v. KeyBank*, 843 N.E.2d 1170, 1173 (Ohio 2006) (citing *Umbaugh Pole Bldg. Co., Inc. v. Scott*, 390 N.E.2d 320, 323 (Ohio 1979)). As a limited exception to this general rule, a fiduciary duty may exist when "both parties understand that a special trust or confidence has been reposed." *Groob*, 843 N.E.2d at 1173 (citing *Umbaugh*, 390 N.E.2d at 323); *see also Stone v. Davis*, 419 N.E.2d 1094, 1098 (Ohio 1981) (finding a lender owed a fiduciary duty to its borrowers when the lender independently mentioned mortgage insurance and the borrowers expressed interest in obtaining that insurance). But Mr. Ager does not allege any facts supporting an inference that "a special trust or confidence" exists here.

Defendants' Motion to Dismiss is **GRANTED** as to Count II.

### 3. Counts III through XI: Violations of the United States Code

In Counts III through XI, Mr. Ager alleges that Defendants violated various provisions of the United States Code—none of which provide a private right of action. *See, e.g.*, *Benz-Puente v. Truist Fin.*, CIVIL ACTION NO. 23-2682, 2023 WL 4763998, at *2 (E.D. Penn. July 26, 2023) (no private cause of action for 12 U.S.C. § 504) (Count III); *Swint v. Buckley*, CASE NO. 5:07 CV 0607, 2007 WL 1577740, at *4 (N.D. Ohio May 30, 2007) (same for 18 U.S.C. § 1956) (Count IV); *Carroll v. United States Equities Corp.*, 1:18-CV-667, 2020 WL 11563716, at *13 (N.D. N.Y. Nov. 30, 2020) (same for 18 U.S.C. § 2314) (Count V); *Barringer v. Ohio*, CASE NO. 3:23 CV 1530, 2023 WL 8436427, at *2 (N.D. Ohio Dec. 5, 2023) (same for 18 U.S.C. § 1348) (Count VI); *Dolla v. Unicast Co.*, 930 F. Supp. 202, 205 (E.D. Penn. 1996) (same for 18 U.S.C. § 1581) (Count VII); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) (same for 18 U.S.C. § 1583) (Count VIII); *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1357 (6th Cir. 1996) (same for 18 U.S.C. § 1584)[2] (Counts IX and X); *Riggs v. Hull*, CIVIL ACTION NO. 3:13-CV-1230-CRS, 2016 WL 742923, at *2 (W.D. Ky. Feb. 23, 2016) (same for 18 U.S.C. §1593) (Count XI). Because none of these statutes provide for a private right of action, Mr. Ager cannot state a claim for alleged breach of the same.

---

[2] Although 18 U.S.C. § 1595 provides a private cause of action for violations of § 1584, Mr. Ager fails to state a claim under § 1595 and fails to sufficiently allege that Defendants subjected him to peonage or slavery by refusing to accept his parcels as mortgage payments.

Defendants' Motion to Dismiss is **GRANTED** as to Counts III, IV, V, VI, VII, VIII, IX, X, and XI.

### B. Allegations in Mr. Ager's Response to Defendants' Motion to Dismiss and Mr. Ager's Motion for Summary Judgment

In response to Defendant's Motion to Dismiss, Mr. Ager filed a document titled "Defendant's Dishonor Refusal of Defendant's Motion to Dismiss Motion for Summary Judgment for Plaintiff." (ECF No. 6, PAGEID #81.) Though not styled as a request to amend the complaint, the Court could reasonably construe it as such because Mr. Ager cites a slew of federal statutes (as well as a variety of affirmative defenses), and alleges that Defendants have violated these statutes and are thus liable to him. The Court disagrees. First, an affirmative defense is not a cause of action. *See, e.g.*, *Nachar v. PNC Bank, N.A.*, 901 F. Supp. 2d 1012, 1021 (N.D. Ohio 2012) (explaining that "equitable estoppel is a defense and not an independent cause of action"). Further, none of the statutes Mr. Ager cites provide a private cause of action, nor are they relevant to the parties' relationship here. *See, e.g.*, *Anderson v. Haggar*, 4:23-CV-04024-KES, 2024 WL 810284, at *6 (D. S.D. Feb. 27, 2024) (no private cause of action under 18 U.S.C. § 914); *Dabydeen v. Wells Fargo Bank, N.A.*, 18-CV-3396 (KAM), 2018 WL 3212421, at *4 (E.D. N.Y. June 29, 2018) (7 C.F.R. § 1901.508 relates to Department of Agriculture programs, not to relationships between creditors and borrowers). Thus, even assuming that Mr. Ager's filing is an attempt to amend or supplement his pleadings, it does not save his claims.

## IV. CONCLUSION

For these reasons, Defendants Nationstar Mortgage LLC dba Mr. Cooper and USAA Federal Savings Bank's Motion to Dismiss the Complaint (ECF No. 5) is **GRANTED**. Mr. Ager's pending motions (ECF Nos. 6, 11, 13, 18, 20, 22) are thus **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**